**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Michael Harper

Plaintiff,

v.                                                                                  Case No.: 1:25–cv–11096
                                                                                    Honorable John Robert Blakey

Habeas Attorney General

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, June 26, 2026:

MINUTE entry before the Honorable John Robert Blakey: Petitioner Michael Harper filed a successive habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state court felony murder conviction, see [9]. The petition was reassigned to this Court on 9/16/25. On 10/21/25 Petitioner filed a motion to disqualify, based upon this Court's prior employment with the Cook County State's Attorney's Office. In the motion [13], and accompanying affidavit [14], Petitioner claims that he litigated his post–conviction proceedings before Circuit Court Judge Kenneth Wadas, claiming in part prosecutorial misconduct by ASA Michael Gerber, and he claims that it is "very likely" this Court has "unfair bias" against his constitutional claim alleging prosecutorial misconduct by an attorney from the same office. See [14]. Petitioner seeks disqualification under 28 U.S.C. §§ 144 and 455(b)(3). Section 144 provides that, if a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," the judge "shall proceed no further therein, but another judge shall be assigned to hear such proceeding." But the facts contained in the affidavit "must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993). "The affidavit also must show 'that the bias is personal rather than judicial, and that it stems from an extrajudicial sourcesome source other than what the judge has learned through participation in the case." Id. (quoting United States v. Balistrieri, 779 F.2d 1191, 1199 (7th Cir.1985)). Here, Mr. Harper's conclusory affidavit fails to satisfy "the stringent requirements" of § 144, id., and confirms that his motion remains predicated solely upon his opinion and a simple (and erroneous) conclusion that any former ASA would "very likely" be biased in favor of another ASA simply because the attorneys work in the same office. The Court declines to recuse based upon § 144. Section 455(b)(3) requires a judge to recuse himself from any case "where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." This Court has no independent recollection of serving in any of these capacities as to any matter involving Mr. Harper. In an abundance of caution, however, this Court directs counsel for Respondent to make immediate inquiries to determine whether this Court ever had any direct or indirect involvement in Mr. Harper's case,

whether at the trial level or on post–conviction proceedings, including any participation within the supervisory chain of command within the Special Prosecutions Bureau, or otherwise. The Attorney General's Office shall file a status report documenting the results of its inquiry by 7/2/26. The Court also orders Respondent to answer the petition by 7/24/26; Mr. Harper may file any reply by 8/7/26. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.