PC SCAN

FILED
11/6/2026 ES
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISON

| | |
|---|---|
| MICHAEL HARPER<br>PETITIONER<br><br>VS.<br><br>JUSTIN MAHER, SUCCESSOR WARDEN<br>TO BRITTENY GREENE<br>RESPONDENT | COURT CASE NO: 25- C- 11096<br>HON. JUDGE JOHN BLAKEY |

**PETITIONER'S RESPONSE IN TOTAL OPPOSITION TO RESPONDENT'S UNFOUNDED AND BASELESS " MOTION TO DISMISS SUCCESSIVE HABEAS PETITION**

Now comes Petitioner, Michael Harper, pro se, and in total opposition to Respondent's unfounded and baseless " Motion to Dismiss Successive Habeas Petition", Petitioner respectfully submits the following as his factually and legally well-supported Response, and in support thereof, states the following:

## PERTINENT AND WELL-DOCUMENTED RELEVANT RECORD

(1) In April of 1990, following simultaneous, but severed jury trials, Petitioner and his Co-Defendant, Arthur Brown, were wrongfully convicted of two counts of 1st Degree Murder and one count of Arson for setting fire to a video store; which caused the deaths of (2) people in a neighboring restaurant. People v Harper, 253 Ill. App. 3d 165 ( 1993) and People v Brown, 1382 Ill. App. Ct. ( 1993).

(2) However, it is well-documented that on direct appeal, Petitioner's said conviction was reversed and remanded for a new trial on 9/13/1993; due to wilful and highly prejudicial prosecutorial misconduct in the following (3) ways:

(a) The State's improper introduction into evidence of a gasoline can; where the chain of custody had not been established.

(b) An improper and highly prejudicial reference by the State prosecutor on the Petitioner's constitutional decision not to testify.

(c) The State prosecutor's wilful and highly prejudicial improper closing argument that the (2) decedents had burned alive; where there was no evidence of same.

People v Harper, supra. ( 1993)

(3) Likewise, it is well-documented that Petitioner's July 1994 retrial was significantly tainted by further wilful prosecutorial misconduct in the following (5) ways:

(a) The State prosecutor's repeated use of the aforementioned gasoline can as evidence; despite the said Illinois Appellate Court's Opinion in People v Harper, supra.

(b) The State prosecutor's wilful Brady violations with regard to requested documents in the State's felony review folder.

(c) The State prosecutor's use of illegally seized evidence from Petitioner's truck that was improperly obtained through a search warrant based on deliberately false statements.

(d) The State's retrial was untimely brought in wilful violation of 725 ILCS 5/103-5(a).

(e) The State Prosecutor's use of the same state prosecutor; despite his aforementioned and well-documented prosecutorial misconduct in the first trial.

People v Harper, 279 Ill. App. 2d 474 (1996)

(4) Moreover, it is well-documented that during Petitioner's said retrial, the State's prosecutor improperly introduced as evidence the Petitioner's inculpatory statement during a police interrogation; where said statement was involuntary and police coerced, as fully addressed below. People v Harper, supra. ( 1996)

(5) At the conclusion of Petitioner's said tainted July 1994 retrial, the jury wrongfully found Petitioner guilty of arson and (2) counts of 1st Degree Murder, and Petitioner was sentenced to natural life imprisonment on his murder conviction and a concurrent seven year term on his arson conviction. People v Harper, supra. (1996).

(6) On direct appeal from his said retired conviction, the Illinois Appellate Court affirmed the conviction and sentence. People v Harper, supra. (1996), and on 10/2/1996, the Illinois Supreme Court denied Petitioner's PLA. People v Harper, 671 N.E. 2d 737 ( 1996).

(7) Lastly, it is well-documented that during Petitioner's said July 1994 retrial, Petitioner's Involuntary and coerced recorded statement taken by A/S/A Joel Whitehouse was also Improperly presented to the jury, as fully addressed below. People v Harper, supra. (1996).

(8) On March 31, 1997, it is well-documented that Petitioner, through his court-appointed counsel, filed a Petition for Post-Conviction Relief based on issues that has been primarily raised in his said 2nd Direct Appeal; and also included a new claim of actual innocence based on the newly discovered confession of " James Dell ", but no affidavits or supporting documents were attached. People v Harper, 2013 Ill. App. (1st) 102181 ( March 31, 2013.

(9) On May 16, 1997, it is also well-documented that Petitioner court-filed his pro se Petition for Post-Conviction Relief based on claims of actual innocence, prosecutorial misconduct and due process violations. People v Harper, supra. ( 2013)

(10) On March 30, 1999, the Illinois Appellate Court affirmed the summary dismissal of Petitioner's (2) aforementioned Post-Conviction Petitions in (2) unpublished orders. People v Harper, surpa., ( 2013)

(11) On January 3, 2000, it is well-documented that Petitioner court-filed his initial Federal Habeas Corpus Petition in the U.S. District Court for the Northern District of Illinois based on allegations that the trial court committed constitutional errors by refusing to instruct the jury on involuntary manslaughter, and by admitting a photograph of the subject gasoline can; to which the said U.S. District Court found no constitutional violations and summarily denied Petitioner's said Federal Habeas Corpus Petition. U.S. ex rel. Harper v Welborn, NO. 00CR 0061 ( U.S.Dist. Lexis 6540/ N.D. Ill. 4/18/2000).

(12) On July 25, 2001, it is also well-documented that Petitioner court-filed his pro se Motion to Vacate Unconstitutional and Void Judgment; which the Cook County Circuit Court summarily dismissed and said dismissal was affirmed on appeal by The Illinois Appellate Court on 4/22/2002. People v Harper, supra. ( 2013).

(13) On January 24, 2003, it is also well-documented that Petitioner court-filed his pro se successive Post-Conviction Petition based on actual innocence supported by the 12/3/2002 sworn affidavit of Cecil Hungston, wherein Hungston recanted his purged trial testimony; to which the Cook County Circuit Court docketed said successive Post-Conviction Petition and appointed him counsel. People v Harper, supra., ( 2013).

(14) On July 28. 2009, it is extremely important to note that is also well-documented and expressly underscored by the Illinois Appellate Court/ First District that Petitioner's court-appointed trial defense counsel court-filed an extremely well-supported Amended Post-Conviction Petition based on the same claim of actual innocence due to the following [redacted] newly discovered evidence:

(a) The attached May 29, 2009 sworn affidavit of James Bell/ EXHIBIT "A".
(b) The attached copy of James Bell's testimony at Co-Defendant Brown's post-conviction proceedings/ EXHIBIT "B"
(c) The attached aforementioned sworn affidavit of Cecil Hungston/ EXHIBIT "C".
(d) The attached sworn affidavit of Petitioner/ EXHIBIT "D"

People v Harper, supra., (2013)

(15) On July 1, 2010, it is also well-documented that the Cook County Circuit Court unfoundedly dismissed Petitioner's aforementioned Amended Post-Conviction Petition; wherein the court simply found the said Amended Post-Conviction Petition as " untimely". People v Harper, supra., (2013)

(16) However, it is extremely important to note and underscore that on July 8, 2010, Petitioner timely filed his Notice of Appeal from said dismissal; to which the Illinois Appellate Court/ First District succinctly held that Petitioner " HAD MADE A SUBSTANTIAL SHOWING OF A CLAIM OF ACTUAL INNOCENSE BASED ON THE AFOREMENTIONED AND ATTACHED EXHBITITS "A" – "D", and remanded The matter to the Cook County Circuit Court for a 3rd stage evidentiary hearing On the said successive Post-Conviction Petition. People v Harper, supra. (2013).

(17) Following the conclusion of the said remanded 3rd Stage Evidentiary hearing on Petitioner's Amended Post-Conviction Petition, the trial court summarily denied Petitioner's said Petition and absurdly stated: " Bell doesn't factor into this case at all ". People v Harper, 2017 Ill. App. (1st) 152867-U. ( 5/12/2017).

(18) On appeal to the Illinois Appellate Court/ First District, the Court simply stated that Petitioner's " arguments are nothing more than a request for this Court to reweigh the evidence and make a credibility determination—something we cannot do "; and affirmed the aforementioned denial of Petitioner's said Amended Post-Conviction Petition. People v Harper, supra., ( 2017)

(18) On June 27, 2025, Petitioner court-filed his pending factually and legally well-supported successive Federal Writ of Habeas Corpus Petition based on the following (4) federal Constitutional claims, which foreseeably resulted in his 1994 wrongful conviction and are directly connected to Petitioner's factually and legally well-supported claim of actual innocence:

* (a) The State prosecutors committed wilful and highly prejudicial prosecutorial misconduct during Petitioner's 1994 retrial through their improper use of Petitioner's police and prosecutor's coerced statements, as admissible evidence against him.

* (b) The State prosecutors committed wilful and highly prejudicial prosecutorial misconduct during Petitioner's 1994 retrial through their improper and highly prejudicial closing arguments as to illegally seized evidence.

* (c) The involuntary and coerced statement of Petitioner through wilful and prosecutorial misconduct.

* (d) The ineffective assistance of Petitioner's court-appointed defense trial counsel for failing to preserve Petitioner's aforementioned prosecutorial misconduct claims for appeal.

* (e) Petitioner's actual innocence claim based on James Bell's confession, Cecil Hungston's recantation of his purged trial testimony, Petitioner's own trial testimony, and subsequent newly discovered developments Co-Defendant Arthur Brown's criminal case.

(19) On July 30, 2025, this U.S. District Court entered an Order directing its clerk to forward Petitioner's said Federal Writ of Habeas Corpus Petition to the United States Court of Appeal/Seventh Circuit for its consideration under 28 U.S.C. Sec. 2244(3).

(20) On August 28, 2025, the United States Court of Appeals/Seventh Circuit entered its attached controlling (2) page Order/ EXHIBIT "E"; wherein THE COURT SUCCINCTLY HELD THAT ARTHUR BROWN'S EXONERATION AND THE AFOREMENTIONED CITED EVIDENCE OF WITNESS RECANTATION ( CECIL HUNGSTON) LENDS WEIGHT TO PETITIONER'S CLAIM THAT CERTAIN CONFESSIONS AND TRIAL TESTIMONY WERE THE PRODUCT OF UNCONSTITUTIONAL POLICE AND/OR PROSECUTORIAL TACTICS. THUS, BASED ON SUCH LIMITED RECORDS AT THIS TIME, THE COURT CONCLUDED THAT PETITIONER HAD MADE A PRIMA FACIE SHOWING OF INNOCENSE UNDER 28 U.S.C. 2244 (B)(2)(B).

(21) Moreover, on August 28, 2025, the said United States Court of Appeals/ Seventh Circuit further succinctly stated: " Accordingly, we grant Petitioner's Application for leave to file a SUCCESSIVE 28 U.S.C. 2254 FEDERAL WRIT OF HABEAS CORPUS PETITION/ See attached Order/ EXHIBIT "E".

(22) However, despite the aforementioned and controlling attached Order/ EXHIBIT "E" of the United States Court of Appeal/ Seventh Circuit which succinctly states that Petitioner has made a prima facie showing of actual innocence due to unconstitutional police and prosecutorial misconduct before and during Petitioner's said (2) highly tainted jury trials, the Respondent files his totally unfounded and baseless " Motion to Dismiss Successive Petition" ; which is totally contrary to well-settled and controlling law, as fully addressed below.

# ARGUMENT

## INTRODUCTION

It has been well-settled and expressly underscored by our United States Supreme Court for decades that a state prisoner, otherwise subject to defenses of abusive or successive use of the federal writ of habeas corpus, as unfoundedly asserted here by Respondent it his totally unfounded and baseless " Motion to Dismiss Successive Petition", is legally entitled to consideration of his/her Federal Constitutional Claims on their merits if he/she makes a proper showing of actual innocence , as clearly documented and fully addressed below. McQuiggin v Perkins, 569 U.S. 383 ( 2013) and Herrero v Collins, 506 U.S. 390 ( 1993).

Moreover, the primary case decision that Respondent expressly relies upon, Rivers v Guerrero, 605 U.S. 443 ( 2025) is without any doubt factually inapplicable and meaningfully void of any reference to Petitioner's above-mentioned landmark and controlling United States Supreme Court decisions in McQuiggin v Perkins and Herrero v Collins, supra.

Lastly, Respondent's said totally unfounded and baseless " Motion to Dismiss Successive Petition " clearly reflects a gross legal misapprehension of the aforementioned and controlling decision of McQuiggin v Perkins, supra., as cited on page #23 of Respondent's said " Motion to Dismiss Successive Petition", and as fully addressed below.

< I > THE AFOREMENTIONED WELL-DOCUMENTED AND UNDISPUTED RECORD CLEARLY REFLECTS OVERWHELMING EVIDENCE OF WILFUL AND HIGHLY PREJUDICIAL PROSECUTORIAL MISCONDUCT DURING PETITIONER'S UNCONSTITUTIONALLY DEFECTIVE CRIMINAL LEGAL PROCCESS; WHICH FORSEEABLY RESULTED IN HIS WRONGFUL CONVICTION AND IS CLEARLY CONNECTED WITH HIS FACTUALLY AND LEGALLY WELL-SUPPORTED CONSTITUTIONAL CLAIM OF ACTUAL INNOCENSE UNDER WELL-SETTLED AND CONTROLLING LAW.

(1) It has been well-settled and expressly underscored by our United States Supreme Court for almost 100 years that the U.S. Constitutional Right to a fair and just trial, which is expressly guaranteed to state criminal defendants under the Due Process Clause of the 14th Amendment; legally imposes on all state prosecutors specific legal duties, consistent with the States' sovereign legal duties, to ensure that " justice be done in all state criminal cases". Cone v Bell, 556 U.S. 489 ( 2000), quoting from Berger v United States, 295 U.S. 78 ( 1935) and Spano v New York, 360 U.S. 315 ( 1959).

(2) More specifically, it has been well-settled and expressly underscored by our United States Supreme Court for more than 100 years that a STATE PROSECUTOR OWES A LEGAL DUTY TO REFRAIN FROM PROSECUTORIAL MISCONDUCT THAT IS INTENDED TO GAIN AN ILLEGAL ADVANTAGE IN A STATE CRIMINAL LEGAL PROCESS; such as the knowing use of purged trial testimony , illegally seized evidence, or non-production of exculpatory evidence, which are highly prejudicial to the state criminal defendant, as found in Petitioner's said state criminal legal process, in wilful violation of the criminal defendant's protected 14th Amendment Due Process Rights. Berger v United States, supra., and Brady v Maryland, 373 U.S. 83 ( 1963).

(3) Here, the aforementioned well-documented and undisputed record clearly reflects that in wilful violation of Petitioner's protected 14th Amendment Due Process Rights and in direct conflict with our United States Court's aforementioned landmark and controlling holdings in Cone v Bell, Berger v U.S, Spano v New York, and Brady v Maryland, supra., Illinois state prosecutors committed wiful and highly prejudicial prosecutorial misconduct in Petitioner's said unconstitutionally defective state criminal legal process in the following (9)) respects:

* (A) The improper and highly prejudicial reference by the state prosecutor during Petitioner's first jury trial on Petitioner's Constitutionally protected decision not to testify; which foreseeably caused, et alia, the reversal of Petitioner's initial wrongful conviction. People v Harper, supra. ( 1993)

* (B) The State's improper introduction into evidence of a gasoline can, where the chain of custody had clearly not been established; which caused, et alia, the reversal of Petitioner's initial wrongful conviction. People v Harper, supra. ( 1993).

* (C) The State prosecutor's wilfully improper and highly prejudicial closing argument that the (2) decedents had burned alive, where there was absolutely no evidence of same; which caused, et alia, the reversal of Petitioner's initial wrongful conviction. People v Harper, supra. (1993).

* (D) The State prosecutor's knowing use of purged trial testimony from witness Cecil Hungston. People v Harper, supra. ( 1996).

* (E) The State prosecutor's repeated use of the aforementioned gasoline can as evidence in Petitioner's retrial; despite the said Illinois Appellate Court's Opinion against it. People v Harper, supra. ( 1996).

* (F) The State prosecutor's wilful Brady violations with regard to requested exculpatory documents in the State's felony review folder. People v Harper, supra, ( 1996).

* (G) The State's retrial was wilfully untimely brought in wilful violation of 725 ILCS 5/103-5(a). People v Harper, supr., ( 1996)

* (H) The State's use of the same corrupt state prosecutor; despite his aforementioned wilful and highly prejudicial prosecutorial misconduct during Petitioner's first jury trial, which resulted in the reversal of Petitioner's initial wrongful conviction. People v Harper, supra. ( 1996)

* (I) The State prosecutor's knowing use and introduction into evidence Petitioner's involuntary and coerced statement due to police and prosecutorial misconduct. People v Harper, supra., ( 1996)

(4) Thus, consistent with the aforementioned landmark and controlling holdings in Conen v Bell, Berger v United States, Spano v New York, and Brady v Maryland, supra., the aforementioned well-documented and undisputed record clearly reflects overwhelming evidence of wilful and highly prejudicial prosecutorial misconduct, which foreseeably resulted in Petitioner's subject wrongful conviction; and is fully connected with Petitioner's factually and legally well-supported Constitutional claim of Actual Innocence, as succinctly held by the Illinois Appellate Court/ First District in People v Harper, supra. ( 2013) and as succinctly held by the United States Court of Appeals/ Seventh Circuit in its attached 8/21/2025 ORDER/ EXHIBIT "E".

< II > THE AFOREMENTIONED WELL-DOCUMENTED AND UNDISPUTED RECORD CLEARLY REFLECTS OVERWHELMING EVIDENCE OF WILFUL POLICE MISCONDUCT DURING PETITIONER'S UNCONSTITUTIONALLY DEFECTIVE CRIMINAL PROCESS: WHICH FORSEEABLY RESULTED IN HIS WRONGFUL CONVICTION AND IS CLEARLY CONNECTED WITH HIS FACTUALLY AND LEGALLY WELL-SUPPORTED CONSTITUTIONAL CLAIM OF ACTUAL INNOCENCE UNDER WELL-SETTLED AND CONTROLLING LAW.

(1) It has been well-settled and expressly underscored by our United States Supreme Court for decades that it is " axiomatic " that a criminal conviction must be vacated if it is founded in whole or in part on an involuntary confession ...... even though there is ample evidence aside from the confession to support the conviction. Lego v Twomey, 404 U.S. 477 ( 1972), quoting from Jackson v Denno, 378 U.S. 368 ( 1964).

(2) More specifically, it has been well-settled and expressly underscored by our United States Supreme Court for decades that a criminal defendant, who challenges the voluntariness of his/her confession made to police/ law enforcement officials, and which confession is sought to be used against him/her at trial, has a 14 Amendment due process right to a reliable determination that the subject confession was in fact voluntarily given and not the product of coercion, which our U.S. Constitution succinctly forbids. Lego v Twomey and Jackson v Denno. supra.

(3) Here, in wilful violation of the aforementioned holdings in Lego v Twomey and Jackson v Denno. supra., Petitioner's aforementioned confession at the Area One Police Dept. was shortly after he saw his mother being brought to the said police dept, which Petitioner thought was deliberate to force him to talk to the police; since the interrogating detectives repeatedly told him that they were going to charge his mother with arson and murder. See Trial testimony of Detective Kutz, TR. 40 and Petitioner's attached sworn affidavit/ EXHIBIT "D".

(4) Likewise, it has been well-settled and expressly underscored by our United States Supreme Court that an involuntary confession by a criminal defendant clearly exists and legally mandates vacatur of his/her wrongful conviction; where the said criminal defendant had expressly invoked his/her 6th Amendment Right to Counsel after being given Miranda warnings during a police interrogation and the police interrogation improperly continues with the requested counsel, despite such 6th Amendment request for counsel. Escobedo v Illinois, 378 U.S. 478 ( 1964).

(5) Here, in wilful violation of the aforementioned holding in Escobedo v Illinois, supra., and Petitioner's protected 6th Amendment Right to Counsel, Petitioner expressly invoked his 6th Amendment Right to his counsel, Atty Gaylord Lott, after being given verbal Miranda warnings; however, despite such expressed invocation of his 6th Amendment right to his said counsel, all four interrogating detectives repeatedly insisted that he answer their questions without the presence of his said requested counsel during the said improper police interrogation at Area One P.D. (See Post-Conviction trial testimony of Petitioner on 6/25/2015)

(6) Thus, in wilful violation of the aforementioned holdings in Lego v Twomey, Jackson v Denno, and Escobedo v Illinois, supra., the aforementioned well-documented and undisputed record clearly reflects overwhelming evidence of wilful and highly prejudicial police misconduct through Petitioner's said involuntary and coerced statements made during the said police interrogation at the Area One P.D. in wilful violation of his 6th and 14th Amendment Rights; which foreseeably resulted in his wrongful conviction and is clearly connected with his factually and legally well-supported Constitutional claim of Actual Innocence under well-settled and controlling law, as fully addressed below In Section < III >.

< III > THE AFOREMENTIONED WELL-DOCUMENTED AND UNDISPUTED RECORD CLEARLY REFLECTS PETITIONER'S PROPER SHOWING OF HIS ACTUAL INNOCENCE WHICH IS A PRODUCT OF THE AFOREMENTIONED POLICE AND PROSECUTORIAL MISCONDUCT UNDER WELL-SETTLED AND CONTROLLING LAW.

(1) It has been well-settled and expressly underscored by our U.S. Supreme Court that a credible " more than likely than not " showing of actual innocence serves as a " miscarriage of justice exception " or gateway through which a federal habeas corpus petition can pass a procedural bar impediment, such as a successive petition. McQuiggins v Perkins, 569 U.S. 383 ( 2013), House v Bell, 547 U.S. 518 ( 2006), Calderon v Thompson, 523 U.S. 538 ( 1998) and Schlup v Delo, 513 U.S. 298 (1995).

(2) Here, consistent with the aforementioned landmark and controlling holdings by our United States Supreme Court in McQuiggins v Perkins, House v Bell, Calderon v Thompson, and Schlup v Delo, supra., the aforementioned attached well-documented and undisputed record, as stated above in Section < II>, clearly reflects the Petitioner has made a proper showing of his actual innocence which is a product of the aforementioned wilful and highly prejudicial police and prosecutorial misconduct in the following respects:

(A) The attached 5/29/2009 sworn affidavit of James Bell/ EXHIBIT "A" which fully exonerates Petitioner from the subject arson and murder; to which he was wrongfully convicted.

(B) The attached unsolicited, credible, and undisputed post-conviction sworn testimony of James Bell/ EXHIBIT "B"; which is totally consistent with his said attached sworn affidavit/ EXHIBIT "A", and further exonerates Petitioner from the subject arson and murder, to which he was wrongfully convicted.

(C) The attached and extremely important unsolicited, credible and undisputed sworn affidavit of Cecil Hungston/ EXHIBIT "C"; which fully recants his highly tainted and incorrect trial testimony concerning his police coerced line-up identification of suspects to the subject arson that the prosecution knowingly used during trial as purged trial testimony to wrongfully convict Petitioner.

(D) Lastly, the attached credible and undisputed sworn affidavit of Petitioner/ EXHIBIT "D", that further supports his factually and legally well-supported Claim of Actual Innocence , which is a product of the aforementioned well-documented wilful police and prosecutorial misconduct through his aforementioned coerced and involuntary confession at the Area One P.D.; which was also improperly introduced by the state prosecutor as evidence to wrongfully convict him of the subject arson and murder.

(3) Thus, consistent with the aforementioned landmark and controlling holdings by our United States Supreme Court in McQuiggins v Peerkins, House v Bell, Calderon v Thompson, and Schlup v Delo, supra., this Court should readily find and conclude that the aforementioned appellate court record as well as the attached aforementioned well-documented and undisputed record/ EXHIBITS "A – D" clearly reflects and fully supports Petitioner's credible " more than likely than not " showing of actual Innocence; which is clearly a product of the aforementioned wilful and highly prejudicial police and prosecutorial misconduct during Petitioner's aforementioned unconstitutionally defective criminal legal process, as fully addressed above in Sections < I > and < II>.

## CONCLUSION

(1) As fully addressed above, it has been well-settled and expressly underscored by our United States Supreme Court for decades that a state prisoner, such as Petitioner, otherwise subject to the defenses of abusive or successive use of the Federal Writ of Habeas Corpus Petition, as unfoundedly asserted here by Respondent in his totally unfounded and baseless " Motion to Dismiss Successive Petition", is constitutionally entitled to judicial review and consideration of his/her Federal Constitutional claims on their merits, if he/she makes a proper showing of actual innocence, as clearly documented and fully addressed above in Sections < I> through < III>. McQuiggins v Perkins and Herrero v Collins, supra.

(2) Moreover, as also fully addressed above, on 8/28/2025, the United States Appellate Court/ Seventh Circuit entered its attached controlling (2) page ORDER/ EXHIBIT "E"; wherein the Court succinctly held and expressly underscored that PETITIONER HAD MADE A PRIMA FACIE SHOWING OF HIS ACTUAL INNOCENCE UNDER 28 U.S.C. 2244(B)(2)(B) THROUGH WELL-DOCUMENTED UNCONSTITUTIONAL POLICE AND PROSECUTORIAL MISCONDUCT.

(3) Likewise, as fully addressed above, on 7/8/2013, the Illinois Appellate Court/First District succinctly held and expressly underscored that Petitioner " HAD MADE A SUBSTANTIAL SHOWING OF A CLAIM OF ACTUAL INNOCENCE"; which is the product of the aforementioned wilful police and prosecutorial misconduct, as clearly documented in the aforementioned appellate court record and the aforementioned attached record/ EXHIBITS "A" ---"D". People v Harper, supra. ( 2013).

(4) Lastly, consistent with the aforementioned appellate court records and attached record/EXHIBITS "A- D", and consistent with the aforementioned landmark and controlling holdings in McQuiggins v Perkins, and Herrero v Collins, supra., the November 15, 2020 " CRIMINAL LEGAL NEWS ARTICLE " entitled " NEWS REPORT SHOWS MORE THAN HALF OF WRONGFUL CONVICTIONS INVOLVED MISCONDUCT BY POLICE AND PROSECUTORS. " succinctly reported that more than half of the criminal cases where innocent people were wrongfully prosecuted and convicted over the last 30 years involved wilful misconduct by the police and/or state prosecutors based on the September 2020 National Registry of Exonerations.

(5) More specifically, the aforementioned news article reported that Chicago police led the nation in illegal police interrogations with 69 % of false confessions in Chicago, as clearly documented and fully addressed above in Section < II > as to Petitioner's instant case; as well as widespread prosecutorial misconduct through the knowing use of purged police trial testimony, as also clearly documented and fully addressed above in Section < I > as to Petitioner's instant case.

(6) Therefore, based on the aforementioned cited landmark and controlling holdings of our United States Supreme Court in McQuiggins v Perkins, House v Bell, Calderon v Thompson, and Schlup v Delo, supra., the aforementioned well-documented and undisputed appellate court records, as well as the aforementioned attached record/ EXHIBITS "A – d", this Court should readily find and conclude that Petitioner has made the legally required credible " more than likely than not " showing of his actual innocence" that is a product of the aforementioned and well-documented wilful police and prosecutorial misconduct during his aforementioned unconstitutionally defective criminal legal process, and thus serves as a " Miscarriage of Justice Exception " or legal gateway through which his factually and legally well-supported Federal Constitutional claims, as set forth in his pending Federal Habeas Corpus Petition must pass any procedural bar impediment, as unfoundedly Asserted in Respondent's " Motion to Dismiss Successive Petition "

(7) WHEREFORE, Petitioner respectfully moves this U.S. District Court to deny Respondent's said Motion to Dismiss Successive Petition and readily provide Petitioner with his requested Federal Habeas Corpus Relief, as succinctly set forth in his factually and legally well-supported and pending Federal Writ of Habeas Corpus Petition under well-settled and controlling law.

Respectfully submitted

Michael Harper

MICHAEL HARPER ( PRISONER ID # B03541)

WESTERN ILLINOIS CORRECTIONAL CENTER

2500 ROUTE #99 SOUTH

MT. STERLING, ILL 62353

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HARPER (ID# B03541) | ) | |
| PETITIONER | ) | |
| v. | ) | COURT CASE NO.: 25-C-11096 |
| JUSTIN MAHER, SUCCESSOR WARDEN | ) | HO. JUDGE JOHN R. BLAKEY |
| TO BRITTANY GREENE | ) | |
| RESPONDENT | ) | |

NOTICE OF FILING/CERTIFICATE OF SERVICE

TO: ATTY LAUREN E. SCHNEIDER ( COUNSEL FOR RESPONDENT )
ASSISTANT ATTORNEY GENERAL
115 SOUTH LASALLE STREET
CHICAGO, IL 60603

PLEASE TAKE NOTICE that on November 6, 2026, I submitted for the filing the original PETITIONER'S RESPONSE IN TOTAL OPPOSITION TO RESPONDENT'S MOTION TO DISMISS with supporting attachments with the Clerk of the United States District Court of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois 60604, by E-Filing the same at Western Illinois Correctional Center - Law Library, 2500 Route 99 South, Mount Sterling, Illinois 62353, and on the same date a copy was mailed via the United States Postal Service to the opposing counsel at the address above.

Michael Harper

Michael Harper, B03541
Pro Se
Western Illinois C.C.
2500 Rt. 99 South
Mt. Sterling, IL 62353